WILLIAM H. PROCTOR AND THOMAS HAGGERTY v. THOMAS LEWIS.

*Joint judgment requires full service.*

Joint judgment cannot be entered against several defendants when service of process against a portion of them has neither been made nor attempted.

Certiorari to Daniel Sheehan, justice of the peace. Proceedings quashed. April 10.—April 18

*James H. Pound* for plaintiff in certiorari. A joint judgment cannot be rendered against garnishees unless each is served not only with the summons in garnishment but with the order to show cause: *Wetherwax v. Paine* 2 Mich. 559; *Botsford v. Simmons* 32 Mich. 352; *Hirth v. Pfeifle* 42 Mich. 31; *Markham v. Gehan* id. 74; *Sievers v. Woodburn Sarven Wheel Co.* 43 Mich. 277.

*Jay Fuller* for defendant in certiorari.

COOLEY, J. The writ of certiorari in this case is issued at the instance of William H. Proctor, and brings before us the proceedings in a case in which said Proctor and Thomas Haggerty were garnished at the suit of Thomas Lewis, as debtors of Joseph Martin and Isaac Finehart, before Daniel Sheehan, justice. The garnishee summons was served on Proctor alone, and without any return of not found as to Haggerty, the justice proceeded with the case, and Proctor disclosed an indebtedness of himself and Haggerty to the principal defendants in the sum of thirty-seven dollars and twenty cents. On a subsequent day a summons to show cause why judgment should not be rendered against the garnishees was issued, which was served on Haggerty alone, and returned without any showing that Proctor could not be found. On the return-day Haggerty appeared, and made various objections to the proceedings as being without

jurisdiction, but these were overruled, and he was put on the stand as a witness. He then testified that when these proceedings were commenced Proctor & Haggerty were not indebted to Martin & Finehart in any sum; but that he himself had been garnished for the debt which Lewis was now endeavoring to reach, and had paid it. The justice disregarded this evidence, and gave judgment for the plaintiff. Proctor knew nothing of these last proceedings until it was too late to remove the case to the circuit court, but as soon as he heard of them he took steps to remove the proceedings into this Court.

The proceedings before the justice were full of errors, but we need consider only the entry of a joint judgment against two persons, as to one of whom there was neither service nor attempt to make service. There is no authority of law for this.

The proceedings must be quashed with costs of this Court.

The other Justices concurred.